UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID D. HUNT,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 24-cv-154-JPG

Criminal No 19-cr-40085-JPG-1

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

     This matter comes before the Court on petitioner David D. Hunt's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.    Background**

     On June 9, 2021, the petitioner pled guilty to one count of conspiracy to distribute more than 50 grams of actual methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846, and one count of possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A).  On November 17, 2021, the Court sentenced the petitioner to serve 240 months in prison.  Hunt did not appeal his sentence.

     In his § 2255 motion, Hunt alleges ineffective assistance of counsel in violation of his Sixth Amendment rights for failing to challenge the indictment, for failing to file a motion to suppress, for failing to challenge the constructive possession theory used against him, for advising him to enter a guilty plea when the facts did not support the offense, and for failing to object to his base offense level at sentencing.  He also faults the Court for sentencing him outside the statutory range established by the indictment.  Hunt signed his petition on January

16, 2024, it is postmarked January 17, 2024, and the Court received and docketed it on January 23, 2024.

Before turning to an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court finds it advisable to address the timeliness of Hunt's § 2255 motion.

## II.     Timeliness

The Court believes that Hunt raises his claims beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable trigger for the one-year period for Hunt is found in § 2255(f)(1); he has not asserted any governmental impediment to making a motion, any right newly recognized by the Supreme Court, or any newly discovered evidence.

Under § 2255(f)(1), Hunt's conviction became final more than a year before he filed his § 2255 motion. Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires.

*Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011). Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed Hunt 14 days from his sentencing on November 17, 2021, to file a notice appeal.[1] Hunt's 14-day period expired on December 1, 2021. Therefore, his period to file a § 2255 motion under § 2255(f)(1) expired one year later, on December 1, 2022. His January 16, 2024, motion more than a year beyond that deadline.

### III. Conclusion

In light of the foregoing, the Court believes Hunt's § 2255 motion is barred by the one-year limitations period set forth in § 2255(f). However, because Hunt was not required to thoroughly articulate his statute of limitations arguments in his § 2255 motion, the Court will give him an opportunity to do so now before finally deciding the issue. Accordingly, the Court **ORDERS** Hunt to **SHOW CAUSE** on or before March 8, 2024, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f). The Government shall have 14 days to reply to Hunt's response. These briefs should only address the statute of limitations arguments.

**IT IS SO ORDERED.**
**DATED:   February 9, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the 14-day period from the date the Government filed its notice of appeal, did not apply because the Government did not file a notice of appeal.