UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID D. HUNT,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 24-cv-154-JPG<br><br>Criminal No 19-cr-40085-JPG-1 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner David D. Hunt's response (Doc. 3) to the Court's order to show cause (Doc. 2) as well as the motion of the United States to dismiss (Doc. 4) Hunt's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 as untimely (Doc. 1). Hunt has responded to the motion (Doc. 5), and the United States has replied to the response (Doc. 6).

**I.    Background**

On June 9, 2021, the petitioner pled guilty to one count of conspiracy to distribute more than 50 grams of actual methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846, and one count of possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A). On November 17, 2021, the Court sentenced the petitioner to serve 240 months in prison, a sentence almost two years below the guideline range. Hunt did not appeal his sentence. He asserts that his trial counsel informed him that he could not challenge his conviction or sentence without risking having his favorable sentence vacated. Counsel did not inform him of the one-year deadline for filing a § 2255 motion.

**II.    § 2255 Motion**

In his § 2255 motion, deemed under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276

(1988), to have been filed January 16, 2024, Hunt alleges a variety of instances of ineffective assistance of counsel in violation of his Sixth Amendment rights. None of those claims asserts that counsel failed to file a notice of appeal after Hunt made a timely request that he do so.

In its order to show cause, the Court noted the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) and noted that the apparent trigger for Hunt's § 2255 limitations period was "the date on which the judgment of conviction becomes final." § 2255(f)(1). It further calculated that, because Hunt did not appeal his sentence, his one-year period began on December 1, 2021, when his period to file a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Therefore, his period to file a § 2255 motion expired a year later, on December 1, 2022, and his January 16, 2024, motion was more than a year too late.

In his response, Hunt does not disagree with any of the Court's calculations. Instead, he argues that the United States has waived the statute of limitations argument by not raising it. He also asks the Court to equitably toll the limitations period and accept his late petition. He believes equitable tolling is appropriate because his trial counsel did not inform him of the one-year statute of limitations for § 2255 motions and because he is actually innocent of his convictions.

The United States responded by filing a motion to dismiss Hunt's § 2255 motion on statute of limitations grounds. In the motion, it argues that equitable tolling is not appropriate in this case. In response, Hunt again blames his trial counsel for failing to advise him about the § 2255 limitations period.

**III.     Discussion**

Since no party disagrees with the Court's conclusion that Hunt filed his § 2255 motion beyond the applicable statute of limitations set forth in § 2255(f), this matter turns on whether the

Court should equitably toll that limitation period.

    A.    <u>Waiver of Defense</u>

As a preliminary matter, the Court addresses Hunt's waiver argument   It is true that the one-year limitation period to file a § 2255 motion is not jurisdictional but is an affirmative defense that can be forfeited if not timely raised.  *Arreola-Castillo v. United States*, 889 F.3d 378, 382 (7th Cir. 2018).   However, the Court may raise the matter *sua sponte* as long as it gives the parties an opportunity to respond before taking action.   *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (state habeas context).

The United States has not waived or forfeited the limitations argument.   The Court appropriately raised the issue *sua sponte*, and the United States timely asserted it in its first filing in this case.   No earlier filing was required.   *See* 1/23/24 Letter to U.S. Atty. (Doc. 1-1) ("No answer or other responsive pleading is required unless the court orders otherwise.").   The United States did not fail to timely raise the argument and therefore did not waive or forfeit it.

    B.    <u>Equitable Tolling</u>

Next, the Court turns to the equitable tolling doctrine.   Again, because the § 2255 limitations period is not jurisdictional, it can be tolled.  *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013).   Equitable tolling applies where the petitioner has diligently pursued his rights but some extraordinary circumstance prevented him from timely filing his motion.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (considering § 2244(d)'s similar one-year limitation for § 2254 habeas petitions); *see Clarke*, 703 F.3d at 1101; *Conner v. Reagle*, 82 F.4th 542, 550 (7th Cir. 2023); *see also Arreola-Castillo v. United States*, 889 F.3d 378, 383 (7th Cir. 2018) (noting application to § 2255 motions).   A party seeking equitable tolling must show both elements:

diligent pursuit of rights *and* extraordinary circumstances. One alone will not do. *Menominee Indian Tribe v. United States*, 577 U.S. 250, 256, (2016) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). And "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Hunt has not made any effort to show he was diligent in pursuing his right to file a timely § 2255 motion. He has not alleged that he made any effort to determine whether there was a deadline and how it related to the timing of the events in his case. For example, he does not allege that he asked his trial counsel if there was a deadline, that he used prison library resources to look up 28 U.S.C. § 2255 to read the plain statutory language regarding the deadline, or that he sought out any other prison resource to assist inmates like library books or prison law clerks. He has not alleged that he was diligently preparing his § 2255 motion during the limitations period and was prepared to file it but for his counsel's failure to mention a deadline. He simply has not made any effort to show his own diligence with respect to learning of and acting on the one-year § 2255 filing deadline. This alone justifies declining to apply equitable tolling.

Hunt further suggests that his one-year period should begin to run when he realized that his counsel failed to inform him of the one-year § 2255 limitation period.[1] However, he does not allege when he first learned of the statute of limitations, why he was unable to learn it earlier with due diligence, or how he acted thereafter to diligently pursue his rights. His filings are simply

---

[1] Hunt also suggests the limitations period should be tolled until he found out counsel had failed to file a notice of direct appeal. *See, e.g., Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010) ("A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal."). However, failure to file a notice of appeal is not one of the claims Hunt makes in his § 2255 motion or his proposed amendment.

4

devoid of any description of diligent conduct.

Even if Hunt had diligently pursued his rights, he has not shown any extraordinary circumstances that would justify equitable tolling. The circumstances justifying equitable tolling must be "both extraordinary *and* beyond [the petitioner's] control." *Menominee Indian Tribe*, 577 U.S. at 257 (emphasis in original); *see Conner*, 82 F.4th at 550-51. It must be an "external obstacle" that stood in the way of the party's timely filing. *Menominee Indian Tribe*, 577 U.S. at 256.

Hunt argues that the extraordinary circumstance is his trial counsel's failure to notify him of the one-year deadline to file a § 2255 motion. However, "mistakes or miscalculations of that sort by a party's attorney do not satisfy the extraordinary circumstances element for equitable tolling." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Holland*, 560 U.S. at 649-52); *Conner*, 82 F.4th at 551-52. "[A]ttorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (internal quotations omitted). "Negligence on the part of the petitioner's counsel, including counsel's ignorance or miscalculation of a deadline or the failure to do sufficient legal research to ascertain the deadline, is ordinarily an insufficient basis in and of itself for equitable tolling, as it is not an external obstacle." *Conner*, 82 F.4th at 551.

Furthermore, Hunt has not shown how his counsel's failure to inform him of the deadline stood in the way of his drafting and filing a timely § 2255 motion. Not knowing a deadline for a task does not prevent one from working on the task itself. His counsel's omission did not hinder him from preparing a motion and timely filing it, and it did not impede his ability to determine the

5

deadline through the prison law library, as noted above.  Any obstacle presented by counsel was not an external obstacle and could have been overcome by Hunt's reasonable diligence in searching available legal resources.

Finally, Hunt has not alleged egregious attorney conduct that in some judicial circuits may qualify for equitable tolling.[2]  Hunt points to *Downs v. McNeil*, 520 F.3d 1311 (11th Cir. 2008). In that case, the behavior of a post-conviction attorney for capital defendant "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit," causing the petitioner's federal habeas petition to be a few days late.  *Id.* at 1323.  The *Downs* court ultimately held that the circumstances justified equitable tolling.  *See Downs v. Fla. Dep't of Corr.*, 738 F.3d 240, 255 (11th Cir. 2013).

Hunt alleges no reliance on egregious misrepresentation or deceit by his trial counsel.  He simply alleges that his counsel failed to tell him of the one-year § 2255 deadline.  So even if this were a basis for equitable tolling in the Seventh Circuit, it would not apply.  Hunt cites no cases showing that such a failure to advise of the § 2255 limitation period justifies equitable tolling of the § 2255 limitation period.

Hunt has not demonstrated that equitable tolling through the *Holland* factors—diligent pursuit of rights and extraordinary circumstances—is called for in this case.  In light of the fact that equitable tolling is to be used sparingly and only in extraordinary circumstances, the Court declines to use it to deem Hunt's § 2255 motion timely in this case.

---

[2] The Seventh Circuit is not one of those jurisdictions.  *See Conner*, 82 F.4th at 552 (noting that the law regards a lawyer's mistake "as an internal rather than an external obstacle"); *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (noting Seventh Circuit's disagreement with other circuits).

      C.      <u>Actual Innocence</u>

Hunt invokes the "actual innocence" or "miscarriage of justice" equitable exception to habeas procedural bars such as the statute of limitations. The Supreme Court has recognized that a petitioner otherwise subject to certain procedural defenses may be able to have his federal constitutional claim considered on the merits if he makes a convincing showing that he is actually innocent of the crime for which he was convicted  *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 386. This exception applies only in the extraordinary case where the individual interest in justice outweighs societal interests in finality, comity, and conservation of judicial resources. *Id.* at 393.

A petitioner can establish "actual innocence" by showing "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *accord Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019). Actual innocence can be established, for example, by new DNA evidence tending to exonerate a petitioner. *Lund*, 913 F.3d at 667 (citing *House v. Bell*, 547 U.S. 518, 537 (2006) (citing "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial")).

Hunt alleges no such new reliable evidence. He simply posits that he is innocent, without any factual or legal assertion that, if true, would show he is actually innocent of his crimes,. Pet.'s Resp. to Show Cause Order 3 (Doc. 3). This is insufficient to justify use of the equitable actual innocence exception to § 2255's statute of limitations.

**IV.     Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A § 2255 petitioner may not proceed on appeal without a certificate of appealability.   28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045.

To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).   Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."   *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

The Court finds that Hunt has not made a showing that reasonable jurists would find his procedural claims debatable or that any debatable constitutional claims "lurk in the background" of any non-constitutional issues.   Accordingly, the Court will not issue a certificate of appealability for the disposition of this case.

## V.  Conclusion

Because Hunt filed his § 2255 motion beyond the one-year limitation period of § 2255(f) without sufficient reason to toll the period and without alleging new reliable evidence of actual innocence, the Court:

- **GRANTS** the motion of the United States to dismiss Hunt's § 2255 motion as untimely (Doc. 4);

- **DISMISSES** Hunt's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 as untimely (Doc. 1);

- **DIRECTS** the Clerk of Court to enter judgment accordingly; and

- **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   July 25, 2024**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**